# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TOBY McCANN, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 07-8 |
| | ) |
| v. | ) Judge Lancaster |
| | ) Magistrate Judge Caiazza |
| WASHINGTON COUNTY, *et al.*, | ) |
| | ) |
| Defendant. | ) |

## ORDER

For the reasons that follow, the Defendants' Motion to Dismiss (Doc. 19) will be granted, without prejudice to the Plaintiff's filing an amended complaint.

In this excessive police force case, the Defendants have sought dismissal of and/or clarification regarding a number of claims asserted in the Complaint. *See generally* Defs.' Br. (Doc. 20) at 1-2 (arguing Fifth Amendment is not implicated in claims involving excessive force by municipal police officers; Eighth Amendment applies only to post-conviction use of excessive force; Washington County Police Department is sub-unit of government entity, not capable of being sued; Plaintiff should amend pleadings to clarify whether Washington County or City of Washington is proper defendant; and he should amend Count IV to identify source of "Statutory Civil Rights" allegedly violated).

In response, Plaintiff's counsel concedes most of these points and contemplates the court's ordering a number of amendments to the Complaint. *See generally* Pl.'s Opp'n Br. at 5.

For future reference, Plaintiff's counsel is advised of the law allowing one amendment of the pleadings, as a matter of right, in the face of a motion to dismiss. *See* Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000) ("[when] a defendant asserts the defense of failure to state a claim by motion, the plaintiff may amend the complaint once 'as a matter of course' without leave of court") (citations omitted); *see also generally* Demeter v. Buskirk, 2003 WL 22416045, *5 (E.D. Pa. Oct. 20, 2003) (recognizing that proper filing of amended complaint renders moot previously filed motion to dismiss).

As for the Plaintiff's request that the court amend his pleadings for him, this the tribunal cannot do. *Cf. generally* O'Neill v. The Home Depot U.S.A., Inc., -- F.R.D. --, 2006 WL 4579687, *14 (S.D. Fla. Dec. 27, 2006) ("[i]t is not the Court's role to amend the pleading[s] for the Plaintiff to articulate a claim that could meet" applicable legal standards).

Thus, the Defendant's Motion to Dismiss (**Doc. 19**) is **GRANTED, and the Plaintiff shall file an amended complaint within twenty-one (21) days**, accounting for all concessions made in his current opposition brief. To avoid further unnecessary litigation at the 12(b)(6) stage, moreover, the Plaintiff is urged to carefully consider his claims and state only those ones upon which relief may be granted.

As for the amendment deadline, the court does not anticipate granting any extensions.  This case already has lain fallow at the 12(b)(6) stage, awaiting the Plaintiff's untimely response to the Motion to Dismiss.  *See* text-only Show Cause Order dated May 3, 2007 (noting Plaintiff had missed response deadline for Defendant's Motion, and ordering him to show cause why Motion should not be resolved as unopposed); text-only Order of May 11, 2007 (granting Plaintiff further extension of time to respond).  Counsel must be prepared to file the amended complaint within the time frame above and serve it on the appropriate Defendant(s).

Once the amended pleadings have been timely filed, any appropriate Defendant(s) may plead or otherwise respond to the complaint consistent with the Federal Rules of Civil Procedure.

THESE THINGS ARE SO ORDERED on this \_\_\_19th\_\_\_ day of \_\_\_June\_\_\_, 2007.

_____
Gary L. Lancaster
United States District Judge

cc (via email):

Lois E. Glanby, Esq.
Brian S. Kane, Esq.
Erica L. Clarke, Esq.